## HENRY E. MORTON *v.* S. B. DAY.

An owner of a vessel is not liable for goods purchased by the captain on the orders of merchants in the country, with the view of procuring freight, unless the owner has either expressly or impliedly sanctioned such a course of dealing.

APPEAL from the Fourth District Court of New Orleans, *Strawbridge,* J. P. S. *Warfield,* for plaintiff. *Race* and *Foster,* for defendant. The judgment of the court was pronounced by

SLIDELL, J. The defendant was a part owner of the steamboat Chalmette, and resided in New Orleans. The plaintiff, a merchant in New Orleans, seeks to make him liable for merchandise sold here, at various times, for the use of the boat, as is alleged. There was judgment for the defendant in the court below, and the plaintiff has appealed.

The account was kept on the plaintiff's books, in the name of the steamer Chalmette and owners. The plaintiff's agent, who made the sales, testifies that he furnished the various items, mentioned in the account, to the captain, upon his representation that they were for the use of the boat, but that he did not know that they were so used. The account, however, on its face plainly indicates, and it is satisfactorily shown by other evidence, that the goods could not have been bought for the boat's consumption. They consisted of lots of sugar and coffee in quantities, entirely beyond the boat's necessities; and were marked, as the account shows, with the address of merchants in Tennessee. These purchases were, probably, made by the captain, on orders from those parties, which

he executed for the purpose of getting freight. This practice, by captains, of MORTON
executing orders for goods, a witness says, is frequent; but, that he knew of no DAY.
usage by which goods, so bought, are charged to the steamboat.

The case turns upon the question of the captain's authority to bind his
owner; and we readily concur with the district judge, in the opinion, that the
defendant is not liable. The master is not the general agent of the owner. He
is clothed with various incidental powers, resulting from his official capacity;
but these, in the main, are restricted to such as belong to the usual employment
of the vessel. An extraordinary transaction, like this, calls for a particular
authority, either express, or resulting clearly from an antecedent similar and
usual course of dealing, so adopted by the owner, as to hold the captain out to
the public as his agent for such purposes. There is no evidence before us of any
such authority from the defendant, either express or implied. See *General
Interest Insurance Company* v. *Ruggles*, 12 Wheaton, 412. *Peters* v. *Bal-
leslier*, 3 Pick. 495. *Pope* v. *Nickerson*, 3 Story 465. 3 Kent 160.

Judgment affirmed, with costs.